Garland, J.
delivered the opinion of the court.
This is a.suit by the holder of a-promissory note against the drawer and indorser. The defendants set up various defences, alleging the consideration of the note was part of the price of two slaves, purchased by Dodd at the probate sale of the succession belonging to plaintiff and his minor children, one of which slaves was afflicted with a redhibitory disease, of which she died some months after. Dodd also sets up a demand in reconvention, claiming $523 for money paid plaintiff in error and for damages; he also claimed a rescission of the sale. The case was tried by a jury, who gave a verdict for the [151] plaintiff, on which, after a refusal to grant a new trial, judgment was rendered and the defendants appealed.
When the cause was called for trial, the defendants moved for a continuance, apon the affidavit of Dodd, the statements in which, if not accompanied with' the opinion of the district judge that he had not shown due diligence to obtain the attendance of the witness, McCarty, and some other suspicious circumstances, we should have considered sufficient. The continuance was refused and on that ground the defendants have rested their hope of having the judgment reversed’and the cause remanded. The petition was served on the defendants the 13th of September, 1837, and the cause was called for trial the 20th of April following. Daring all that time, the defendants seemed not to have-taken any measures to secure the attendance of the witness, or to obtain his testimony, further than to have a subpoena issued, directed to- McCarty, commanding his appearance on the 20th of April, to testify in their behalf, which is not dated; it does not appear at what time it went into the hands of the sheriff, or what diligence was used to find the witness. The sheriff says: “ B. McCarty not found in the parish of Iberville, April 20th, 1838.” The fact of the clerk not dating the summons, and the sheriff not stating when it came into his hands or what efforts he made to find the witness, create a strong presumption that none were made, which accompanied with the declaration of the judge, that the defendants had not shown due diligence to obtain the testimony, satisfy us the continuance was properly refused. We have, in questions of this kind, to rely much upon the discretion of the district judge, and unless positive injustice has been done a party by ruling him into trial, we are not disposed to interfere on that ground alone.
A number of witnesses were examined at the trial, among them the family [152] physician and overseer of the defendant, also several neighbors of both parties, and after a thorough examination of the evidence, we think, had the witness been present and sworn to all the defendant says he would, there is sufficient evidence to sustain the verdict of the jury.
*95 The case does not seem to be one that calls for onr interference. The judgment of the district court is therefore affirmed, with costs.